**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF LABOR, ELAINE L. CHAO, SECRETARY OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:05-CV-609 CAS |
| LAURA BUXTON, d/b/a Osuna's Mexican Restaurant, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's motion for an order to show cause why pro se defendant Laura Buxton should not be held in contempt of Court for failure to provide Rule 26(a) disclosures, or in the alternative for the entry of default judgment against her. Plaintiff's motion is accompanied by an affidavit of counsel and exhibits.

**Background**.

On November 4, 2005, the Court issued a Case Management Order in this case which, inter alia, ordered the parties to make all disclosures required by Rule 26(a)(1), Federal Rules of Civil Procedure, no later than December 1, 2005. The affidavit and exhibits attached to the instant motion show that on December 7, 2005, plaintiff's counsel sent a letter to defendant explaining the requirements of Rule 26(a)(1) and asking defendant to contact her by December 12, 2005 to discuss making the necessary disclosures. On December 12, 2005, attorney Kevin Roberts called plaintiff's counsel and stated that he had recently been retained to represent defendant.[1] On December 21,

---

[1]Mr. Roberts has not entered his appearance in this case on behalf of defendant.

2005, Mr. Roberts wrote a letter to plaintiff's counsel seeking additional time to provide the required disclosures.

On January 6, 2006, plaintiff's counsel sent Mr. Roberts a letter asking him to provide the 26(a) disclosures by January 18, 2006. The letter stated that if plaintiff's counsel did not receive the Rule 26(a) disclosures by January 18, 2006, she would file a motion to compel, and in the alternative, a motion for default judgment. On January 19, 2006, plaintiff's counsel received a voice mail message from Mr. Roberts, who stated that he had not yet obtained the relevant documents from his client and understood that plaintiff's counsel would be filing the instant motion.

Plaintiff asserts that defendant's failure to produce the Rule 26(a)(1) documents is prejudicing her ability to prepare her case, noting that under the Case Management Order motions to add parties and amend pleadings were due February 3, 2006. Plaintiff asserts that default judgment is warranted because defendant has consistently failed to participate in this lawsuit in that she failed to file a timely answer, failed to participate in the telephone Rule 16 scheduling conference held November 3, 2005, and is refusing to participate in discovery.

**Discussion**.

Federal Rule of Civil Procedure 37(b)(2) provides as follows:

If a party . . . fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
    . . . .
    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding of any party thereof, or rendering a judgment by default against the disobedient party;
    (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.
    . . . .

2

Rule 37(b)(2), Fed. R. Civ. P.

Rule 37 gives a district court broad authority to impose sanctions for failure to respond to discovery requests or to disclose information required by Fed. R. Civ. P. 26(a). Boardman v. National Medical Enterprises, 106 F.3d 840, 843 (8th Cir. 1997). Rule 37 "grants a district court the authority to enter a default judgment against a party who abuses the discovery process." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993).

Rule 37 also authorizes a district court to use its contempt power with respect to failure to disclose the information required by Rule 26(a). The United States Supreme Court has stated "it is firmly established that the power to punish for contempts is inherent in all courts." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (internal punctuation and citation omitted). "One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject." Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) (citing United States v. United Mine Workers, 330 U.S. 258, 290 n.56 (1947)). Civil contempt sanctions may be employed to coerce compliance with a court order. Id. (citing United Mine Workers, 330 U.S. at 303-04). "Either incarceration or a fine may accomplish the purpose of coercion . . . . " Id.

A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnor violated a court order. Chicago Truck Drivers, 207 F.3d at 504-05. Here, it is undisputed that defendant Buxton has failed to produce documents as required by the Case Management Order and Rule 26(a)(1). At this point, the burden shifts to defendant to show an inability to comply with the Court's order. Id. A mere assertion of "present inability" is insufficient to avoid a civil contempt finding. Rather, an alleged contemnor defending on the ground of inability

3

to comply must establish that (1) she was unable to comply, explaining why "categorically and in detail;" (2) her inability to comply was not "self-induced;" and (3) she made "in good faith all reasonable efforts to comply." Id. at 506.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Laura Buxton is ordered to show cause why she should not be held in contempt of court or in the alternative why default judgment should not be issued against her for failure to comply with the Court's order to make the disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by December 1, 2005.

**IT IS FURTHER ORDERED** that a hearing is set for Friday, **February 24, 2006**, at 10:00 a.m. in Courtroom No. 12-N of the Thomas F. Eagleton United States Courthouse, at which defendant Laura Buxton may show cause why default judgment should not be entered against her, or civil contempt sanctions imposed against her, for failure to comply with the Case Management Order of November 4, 2005. Because incarceration is a possible civil contempt sanction, Ms. Buxton has the right to representation by counsel. Failure to appear for the hearing as ordered may subject Ms. Buxton to arrest by the United States Marshal's Service.

**IT IS FURTHER ORDERED** that the United States Marshal's Service is directed to serve a copy of this Memorandum and Order on defendant Laura Buxton personally at Osuna's Mexican Restaurant, 10830 Highway 21, Hillsboro, Missouri 63050-2002, or wherever she may be found.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this order to Mr. Kevin C. Roberts, Breeze, Roberts, Ponder-Bates & Zimmer, L.C., 10438 Highway 21, P.O. Box 888, Hillsboro, Missouri 63050.

　　　　　　　　　　　　　　　　　　　　　　　　／s/ Charles A. Shaw
　　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of February, 2006.